Faustino Serrano López, Petitioner, *v.* District Court of Humacao et al., Respondents.

No. 1543.    Argued December 20, 1943.—Decided January 13, 1944.

*Faustino R. Aponte* for petitioner.    *F. González Fagundo* for defendant. in the main action.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

Faustino Serrano López, petitioner herein, filed in the Municipal Court of Humacao a complaint in a third-party proceeding (*tercería de dominio*) against Juan Antonio Torres and Ruperto Serrano López. The municipal court rendered judgment dismissing the complaint and adjudging the plaintiff to pay the costs. Said judgment was affirmed by the District Court of Humacao; and upon an appeal being taken by the plaintiff, this court, on December 1, 1941, reversed the judgment of the District Court of Humacao, and

in lieu thereof rendered another sustaining the complaint in the intervention proceeding and imposing costs on the defendant. (*Serrano* v. *Torres,* 61 P.R.R. 157.)

Subsequent to the rendition of that judgment by this court, the plaintiff, on January 7, 1943, filed in the District Court of Humacao a memorandum of costs which was opposed by the defendant on the ground that the district court lacked jurisdiction to consider said memorandum and to approve or disapprove it. The district court entered an order asserting its jurisdiction to approve the memorandum of costs and, feeling aggrieved by that decision, the defendant appealed. On June 18, 1943, we rendered judgment reversing the order appealed from and remanding the case to the lower court for further proceedings not inconsistent with the opinion issued by this court. (*Serrano* v. *Torres,* 62 P. R.R. 245.)

On July 6, 1943, the plaintiff filed in the Municipal Court of Humacao a memorandum of costs amounting to $59.50. The municipal court entered an order approving the same, but reducing the amount to $57.50. Thereupon the defendant appealed to the District Court of Humacao and the plaintiff moved for a dismissal of the appeal which was denied. On October 21, 1943, the plaintiff filed in this Supreme Court, a petition for certiorari, in which he alleges that the lower court committed grave error of procedure, inasmuch as the Act regulating appeals from municipal courts to district courts does not authorize an appeal from an order of a municipal court approving a memorandum of costs.

■■ The appeals from judgments or orders rendered by the municipal courts are not governed by the provisions of §295 of the Code of Civil Procedure which are applicable only to appeals taken to the Supreme Court from the decisions of the district courts. It is in the Act of March 11, 1908, entitled "An Act to regulate appeals from judgments of municipal courts in civil cases," as subsequently amended,

and in §339 of the Code of Civil Procedure, that we must find, if at all, the right of a defeated party to appeal to a district court from a decision of a municipal court approving or disapproving a memorandum of costs.

Section 1 of the Act of March 11, 1908, as amended provides that "when a municipal court has entered judgment in a civil case disposing finally of the case, any party to the action who considers himself aggrieved, may appeal to the district court," and it further provides:

"*Provided*, that in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, *upon the rendering of such appealable sentence (judgment) or decision (order)*, a written notice informing said aggrieved party that such *sentence (judgment)* or *decision (order)* has been rendered; etc." (Italics ours.)

Section 3 of said Act provides that at the hearing of the appeal in the district court, that court "shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself to have been aggrieved." And §4 provides that the clerk of the district court shall send a certified copy of the judgment to the municipal court, and that "thereafter all proceedings to enforce judgment shall be conducted in the municipal court as if said judgment were an original judgment of said court."

Section 339 of the Code of Civil Procedure, as amended by the Act of November 19, 1917, provided that the memorandum of costs must be filed with the clerk of the court wherein judgment was rendered in the first instance, and further provided that "From decisions of the court in the matter of objection to a memorandum of costs, appeal may be taken by the party or his attorney."

Section 340 of the same code provides that whenever costs are awarded to a party by an appellate court, he must file a memorandum of costs in the lower court as prescribed in §339.

Act No. 69 of May 11, 1936, amended §339 of the Code of Civil Procedure so as to read as follows:

"The memorandum of costs shall be filed within ten days after notification of the judgment, and any opposition thereto within the following five days. Within ten days after the decision of the court on the memorandum of costs, either of the parties may appeal to the Supreme Court, and the appeal shall be considered jointly with any appeal that shall have been brought against the main judgment; *Provided,* That in case no appeal is taken from the main judgment, *an appeal can always be taken from the memorandum of costs."* (Italics ours.)

We have already seen that the Act of March 11, 1908 (§3), grants to a party aggrieved by any ruling or order rendered by a municipal court during the prosecution of a suit, an opportunity to have the same reviewed by the district court at the hearing of the appeal from the main judgment.

In the case at bar, the appeal has been taken from an order approving a memorandum of costs awarded to the appellant by a judgment of this Supreme Court. Section 339 of the Code of Civil Procedure, in its original form, was construed in the sense that a decision rendered by a municipal court on a memorandum of costs was appealable.

Is said §339, in the form in which it was amended by Act No. 69 of March 1936, capable of that same construction? We think not.

Section 339 of the Code of Civil Procedure is applicable only to a memorandum of costs which has been submitted for approval by a district court. Said Section, in its amended form, by providing that "within ten days after the decision of the court on the memorandum of costs, either of the parties may appeal to the Supreme Court," confines such right of appeal to cases in which the memorandum of costs has been approved by a district court and, therefore, does not include the cases in which the approval has been made by a municipal court.

For the reasons stated the appeal must be sustained and the order appealed from reversed.

Mr. Justice Snyder did not participate herein.